■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STONE, Appellant. [995 NYS2d 67]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered May 9, 2012, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 22 years, unanimously affirmed.

The court providently exercised its discretion in denying, without a hearing, defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of jury misconduct. Defendant's motion contained an affidavit from a person who witnessed a postverdict interaction between the victim and several jurors. The events described in the affidavit, standing alone, did not constitute any basis for setting aside the verdict. The affidavit related an ambiguous remark by the victim that allegedly suggested the possibility of an undisclosed prior relationship between the victim and one of the jurors. However, the People supplied an affidavit from the victim denying any relationship, and explaining that he was simply thanking the jurors for reaching what he believed to be a just verdict. "A motion is no substitute for an investigation to be made by counsel . . . and a defendant is not entitled to a hearing based on expressions of hope that a hearing might reveal the essential facts" (*People v Brunson*, 66 AD3d 594, 596 [1st Dept 2009], *lv denied* 13 NY3d 937 [2010] [internal quotation marks and citations omitted]).

The court properly exercised its discretion in denying defendant's mistrial motion, made after a detective gave testimony that may have implied that a nontestifying declarant had

implicated defendant. The court prevented any prejudice by striking the testimony and instructing the jury to disregard it, an instruction that the jury is presumed to have followed (*see People v Baker*, 14 NY3d 266, 274 [2010]).

We perceive no basis for disturbing the sentence. Concur— Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.